Mr. Franklin R. Harrison Attorney for Bay County Sheriff Post Office Drawer 1579 Panama City, Florida 32402-1579
Dear Mr. Harrison:
On behalf of Sheriff Guy Tunnell you have asked for my opinion on the following question:
May the Sheriff of Bay County use funds received pursuant to the Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes, to provide tuition for Bay County Sheriff's Office personnel for training and education in order to develop additional expertise in specific areas related to their job duties?
In sum:
A program developed by the Sheriff of Bay County that reimburses employees for tuition for college level course work may be funded using contraband forfeiture trust funds when the purpose of that program is to develop additional expertise in these employees in specific areas related to their job duties.
According to information you have provided, the Sheriff of Bay County has developed an employee education assistance program. This program provides all full-time employees with tuition assistance relating to their respective jobs. Examples of the courses that may be considered to enhance job skills for applicable personnel are computer science, public administration, business administration, criminal justice, accounting, and chemistry. To qualify for the tuition reimbursement the employee must take approved course work from an accredited college and receive passing grades in that course work. Only full-time employees who have completed their initial probationary period and are not on disciplinary probation are eligible. The purpose of the assistance would be to encourage employees to obtain additional education and expertise in areas that enhance job skills related to their Sheriff's Office careers. None of these courses would apply towards the 40 hours of continuing education or training for law enforcement officers required by section 943.135(1), Florida Statutes. You ask whether contraband forfeiture funds may be used to fund this program.
The Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes, authorizes a law enforcement agency to sell or otherwise salvage or transfer property acquired through a forfeiture to any public or nonprofit organization or retain it for the agency's use.[1] If seized property is sold, the proceeds are disbursed in the following priority: satisfaction of any liens preserved by the court in the forfeiture proceedings; payment of costs incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of the property; and payment of court costs incurred in the forfeiture proceeding.[2]
If the seizing agency is a county, as is the case in this instance, the remaining proceeds are deposited in a special law enforcement trust fund established by the board of county commissioners.[3] Section 932.7055(4)(a), Florida Statutes, provides:
"Such proceeds and interest earned therefrom shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants. The proceeds and interest may not be used to meet normal operating expenses of the law enforcement agency."
Funds received through an appropriation from the contraband forfeiture fund may be expended in accordance with statutorily prescribed procedures:
"1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drug prevention programs or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate.
2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency.
3. . . . [A]ny local law enforcement agency that acquires at least $15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds."[4]
Consistent with previous opinions of this office, contraband forfeiture funds may be used only for those purposes set forth in the statute and for appropriate law enforcement purposes, except normal operating expenses, as determined by the governing body of the county.[5] This office has, on occasion, concluded that proposed expenditures were outside the scope of permissible uses for contraband forfeiture.[6] Ultimately, however, the decision of whether the expenditure is for an appropriate law enforcement purpose must be made by the county commission.[7]
In 1993, the City of Miami requested an opinion on the use of contraband forfeiture trust funds to pay current city police officers overtime to work on a newly developed task force directed at preventing crime involving tourists and drug trafficking. While acknowledging that combating crime in the streets is a normal duty of law enforcement agencies, this office recognized that the increase in tourist attacks and drug related crimes in Miami at that time had prompted the city to develop a new crime prevention program specifically aimed at those problems. In light of that situation and the language in the Florida Contraband Forfeiture Act specifically authorizing the expenditure of trust funds for crime prevention programs, Attorney General Opinion 93-19 concluded that special law enforcement trust funds could be used to pay current city police officers overtime to work on a task force directed at preventing crime involving tourists and drug trafficking.[8]
In Attorney General Opinion 89-78, this office considered whether augmenting salaries of police officers would qualify as and appropriate expenditure of contraband forfeiture trust funds. The opinion concluded that, inasmuch as the payment of salaries of police personnel would be a normal operating need of the police department, forfeiture trust funds could not be used to augment those salaries. The payment of tuition for law enforcement personnel was also an issue addressed in that opinion. The opinion states:
The use of forfeiture funds to supplement tuition of recruits at the police academy would depend upon whether such expenditures are a normal operating expense of the police department. Recruitment of cadets to perform normal law enforcement duties would appear to be a recurring and routine activity of a law enforcement agency. While you state that presently the city does not pay tuition supplements to recruits, expenses such as tuition supplements to attract cadets for employment would result from the normal operating need of hiring new law enforcement personnel. It would appear, therefore, that tuition supplements are within the normal operating needs of a law enforcement agency when used in the recruitment of individuals to perform regular, day-to-day law enforcement duties. As such tuition supplements for cadets may not be paid from the contraband forfeiture trust fund.
You have indicated that this program only provides reimbursement of tuition costs for full-time employees rather than recruits to the department or cadets. The program developed by the Bay County Sheriff's Office is directed at providing training and education to employees of that office in order to develop additional expertise in specific areas relating to the job duties of these employees rather than merely training these employees for their current positions. The tuition reimbursements will be for individual courses which have been successfully completed and such an expense will not be a regularly recurring one although the employee may request reimbursement for other approved courses. Thus, this program appears to be one that is beyond what is usual, normal, regular or established and it would appear to be appropriate to fund such a program with contraband forfeiture trust funds.
Therefore it is my opinion that contraband forfeiture trust funds may be used to pay tuition reimbursement to Sheriff's Office employees for college level courses when those courses develop additional expertise in specific areas related to the job duties of these employees.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 932.7055(1), Fla. Stat.
[2] Section 932.7055(3), Fla. Stat.
[3] Section 932.7055(4)(a), Fla. Stat.
[4] Section 932.7055(4)(c)1.-3., Fla. Stat.
[5] See, Ops. Att'y Gen. Fla. 91-84 (1991) (a police athletic league with the primary purpose of preventing crime by providing recreational programs for disadvantaged youths may be supported with contraband forfeiture funds, if the governing body of the city determines that such activities are an appropriate law enforcement purpose); 86-48 (1986); and 83-9 (1983).
[6] See, Ops. Att'y Gen. Fla. 97-31 (1997) (city is not authorized to use contraband forfeiture funds to build and maintain a stable for horses to be used for a mounted police patrol unit); 89-78 (1989) (contraband forfeiture funds may not be used to augment salaries of police officers or pay tuition supplements to augment salaries of police officers or pay tuition supplements to recruits); and 83-9 (1983) (contraband forfeiture funds may not be used to compensate a physician's assistant to render medical aid to county prisoners).
[7] See, Op. Att'y Gen. Fla. 96-62 (1996) (board of county commissioners has ultimate discretion in determining whether contraband forfeiture trust fund monies will be expended for the purposes requested by the sheriff); 97-31 (1997); and 89-78 (1989) (determination of whether expenditure is for a law enforcement purpose must be made by the governing body of municipality).
[8] And see, AGO 93-6 (1993), concluding that participation in a multi-jurisdictional drug task force was an allowable expense under the Florida Contraband Forfeiture Act since participating in a task force for detecting and combating drugs and drug abuse is outside the regular or established approach to fighting these crimes.